# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRIAN DAWSON,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0500** (BOR Appeal No. 2048978)
(Claim No. 2012022403)

**WINCHESTER MINE, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Brian Dawson, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Winchester Mine, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 28, 2014, in which the Board reversed a November 13, 2013, Order of the Workers' Compensation Office of Judges and reinstated the claims administrator's January 22, 2013, decision denying the addition of lumbar intervertebral disc syndrome as a compensable condition of the claim. In its Order, the Office of Judges had reversed the claims administrator's decision and added the condition to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Dawson worked for Winchester Mine, LLC. On January 10, 2012, Mr. Dawson felt a pull in his lower back when he bent over to hang fly pad. The following day, Mr. Dawson was treated at Chiropractic, Inc., and was diagnosed with a low back sprain. Mr. Dawson filed an application for workers' compensation benefits based on this diagnosis. A week after the injury, an MRI was taken of Mr. Dawson's lumbar spine. Mercedes Ramos, M.D., found that the MRI

1

revealed a shallow posterior protrusion at the L5-S1 disc as well as facet arthropathy at multiple levels. Stephen B. Meisel, M.D., also considered the MRI results and found that the disc protrusion was most likely related to degenerative disc disease caused by a prior injury. Dr. Meisel found that the degenerative changes present on the MRI could not have related to the January 10, 2012, injury because they would have taken longer to develop. Dr. Meisel concluded that the L5-S1 disc protrusion occurred prior to the January 10, 2012, injury. The claims administrator then held the claim compensable for a lumbar sprain. Following this decision, Mr. Dawson was treated by Rocky Sexton, D.C., who requested that lumbar intervertebral disc syndrome without myelopathy be added as a compensable condition of the claim in order to treat Mr. Dawson's disc protrusion. Rajesh V. Patel, M.D., also treated Mr. Dawson and determined that his disc protrusion would be covered under the diagnosis code for lumbar intervertebral disc syndrome. Paul Bachwitt, M.D., then evaluated Mr. Dawson and determined that a lumbar strain should be the only compensable condition of the claim. Dr. Bachwitt found that Mr. Dawson had degenerative changes in his spine and did not believe the disc protrusion present on the MRI was significant. On January 22, 2013, the claims administrator denied Dr. Sexton's request to add lumbar intervertebral disc syndrome as a compensable condition of the claim. Following this decision, Dr. Sexton issued a report in which he admitted that he had treated Mr. Dawson for lower back pain since 2006. However, he found that Mr. Dawson's symptoms following the January 10, 2012, injury were different than his prior pain. Dr. Sexton specifically found that Mr. Dawson had developed right leg pain and numbness following the injury, which indicated, in his opinion, that the disc protrusion was a new condition related to the compensable injury. On November 13, 2013, the Office of Judges reversed the claims administrator's decision and added lumbar intervertebral disc syndrome as a compensable condition of the claim. The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision on April 28, 2014, leading Mr. Dawson to appeal.

The Office of Judges concluded that Mr. Dawson showed that he developed lumbar intervertebral disc syndrome without myelopathy in the course of and as a result of his employment. The Office of Judges based this conclusion on the diagnostic update request of Dr. Sexton. The Office of Judges determined that the diagnosis code for intervertebral disc syndrome properly covered the L5-S1 disc protrusion that appeared on the MRI following the January 10, 2012, injury. The Office of Judges also found Dr. Sexton's opinion, that the disc protrusion was related to the compensable injury, to be persuasive. It considered the report of Dr. Meisel, but it did not rely on his opinion because it found that there was no evidence in the record that Mr. Dawson had suffered a prior injury to which the disc protrusion could be related.

The Board of Review concluded that the Office of Judges was clearly wrong in view of the evidence in the record as a whole. The Board of Review based this determination on the opinions of Dr. Bachwitt and Dr. Meisel. The Board of Review specifically relied on Dr. Meisel's opinion that the disc protrusion was related to pre-existing degenerative changes.

The decision of the Board of Review was based on a material misstatement or mischaracterization of the evidentiary record. Mr. Dawson has presented sufficient evidence to demonstrate that he developed lumbar intervertebral disc syndrome in the course of and resulting from his employment in conjunction with the January 10, 2012, injury. The MRI taken a week

after the compensable injury revealed a shallow disc protrusion at the L5-S1 disc, and Dr. Sexton's report sufficiently showed that this condition was causally connected to the compensable injury. The Office of Judges was within its discretion in adding lumbar intervertebral disc syndrome as a compensable condition of the claim. The opinions of Dr. Meisel and Dr. Bachwitt were not sufficiently supported by the remainder of the evidence in the record to justify the Board of Review's reversal of the Office of Judges' Order.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the November 13, 2013, Order of the Office of Judges which added lumbar intervertebral disc syndrome as a compensable condition of the claim.

Reversed and Remanded.

**ISSUED:  March 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis
Justice Brent D. Benjamin

3